UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON FERNANDO AVILA SUAREZ (A#235-549-082),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-05989-TLN-SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons described below, the undersigned recommends that the Petition be granted and that Petitioner be ordered released from Respondent's custody.

**I. Factual and Procedural History**

Petitioner is a native and citizen of Colombia who lawfully entered the United States on February 25, 2022, on a B1/B2 visitor visa that authorized him to remain through August 24, 2022. ECF No. 1 at 5. Petitioner remained in the United States beyond the date authorized by his visa. Id. However, he submitted an application for asylum and withholding of removal that was

received by U.S. Citizenship and Immigration Services ("USCIS") on February 9, 2025. ECF No. 10 at 6. Based on this pending application, he was approved for a work permit that was valid from November 15, 2025 through November 14, 2030. ECF No. 10 at 7. He has no criminal record. See ECF No. 9-1 at 3 (I-213 Form).

During his four years living in the U.S., Petitioner has established substantial and meaningful ties to his community. ECF No. 10 at 1. He is married, has a stable residence, and has a significant employment history in this country as documented by the letters of support submitted from past employers who are willing to offer him a job upon his release based on his valid work permit. ECF No. 10 at 9-16. Petitioner also asserts that he has a "history of appearing for required immigration appointments," but he does not indicate when those occurred or for what specific purpose." ECF No. 10 at 2.

More than sixteen months after Petitioner filed his asylum application, Immigration and Customs Enforcement ("ICE") arrested him at the San Jose International Airport on July 15, 2026. He was served a notice to appear in immigration court charging him with being removable under INA § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)] based on overstaying his visa. ECF No. 9-1 at 5. Petitioner is currently detained at the California City Detention Facility located in this judicial district. ECF No. 1 at 1.

Petitioner filed the instant § 2241 petition on July 21, 2026, challenging his ongoing detention as a violation of the Due Process Clause of the Fifth Amendment. ECF No. 1.

Respondent filed an answer acknowledging that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and therefore entitled to a bond determination hearing before an immigration judge, but Petitioner has not requested a bond hearing. ECF No. 9. Respondent therefore requests that his habeas petition be dismissed "without prejudice to allow the statutory and regulatory process to proceed." ECF No. 9 at 1.

Although Respondent attached various immigration documents to the answer, there is no evidence that Respondents provided Petitioner with a Notice of Custody Determination (Form I-286) at the time of his arrest that would allow him to invoke his statutory right to a custody

redetermination hearing before an immigration judge.[1]

## II. Legal Standards

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

## III. Analysis

Although the parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a custody redetermination hearing before an immigration judge, that does not resolve the issue in this case. Liberally construing Petitioner's pro se pleading, as this Court is required to do, Petitioner raises a due process challenge to his detention without affording him any pre-deprivation hearing. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (requiring liberal construction of pro se habeas filings). Having reviewed the record in this case, the undersigned finds that Petitioner has a protected liberty interest in remaining free from custody based on his significant community ties and the government's decision not to detain him in or around February 2025, after he applied for asylum but had already overstayed his visa. See Gagik T. v. Chestnut, et al., No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026).

---

[1] The undersigned also rejects Respondent's argument that the habeas petition should be dismissed without prejudice based on Petitioner's failure to exhaust his administrative remedies. As noted above, the record does not contain any Notice of Custody Determination (Form I-286) being served on Petitioner at the time of his initial detention. It therefore appears Petitioner was not provided with notice of his administrative remedies in this case. Therefore, this issue is not discussed any further in the Analysis section.

Respondent's answer ignored the pendency of Petitioner's asylum application as well as his valid work authorization at the time of his arrest, nor did it provide any justification for detaining Petitioner in July 2026 that was different from February 2025. He has no pending criminal charges and was flying within the United States to attend a World Cup soccer game. ECF No. 1. "By concluding that there was no need to detain Petitioner after his B-2 visitor visa had expired, and instead sanctioning his continued presence in the United States by granting and renewing his employment authorization, the government vested in Petitioner a liberty interest in his continued freedom." Gagik T., 2026 WL 1837413 at *3.

Having determined that Petitioner had a protected liberty interest, the question remains what process is due based on that interest. The Court applies the three factors announced in Mathews v. Eldridge, 424 U.S. 319 (1976), to answer this question.

**Private Interest**: The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner was at liberty for over four years before being detained in this case. The duration of his freedom from detention underscores his liberty interest. See Pinchi v. Noem, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his] liberty."). Here, "the Government ha[s] made a decision not to detain" a non-citizen "in the first place" after the filing of an application for immigration benefits, "this decision vest[s] the same liberty interest as a prior detention and release." Gagik T., 2026 WL 1837413, at *3 (quoting Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026)); see also id. (finding that this "course of conduct" by the government "reflect[s] a sustained decision to permit Petitioner's liberty").

**Risk of Erroneous Deprivation**: Second, the risk of erroneous deprivation also weighs in petitioner's favor. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC); 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); A.E. v.

Andrews, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) (stating that "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Petitioner has been detained without any individual determination that such detention is necessary based on any risk of danger to the community or flight risk, despite being statutorily entitled to such process. There is no evidence in the record that he has any criminal record or would present any particularized risk of flight. Under these circumstances, a predeprivation hearing before a neutral decisionmaker would have significant value in determining whether petitioner's detention is necessary. Thus, the second Mathews factor favors Petitioner.

**Government Interest**: Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Where removal is not imminent under a final order of removal, as in this case, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any pre-deprivation hearing prior to detaining him (or to provide any custodial process after his arrest and detention). Respondent points to no reason a pre-deprivation hearing could not be held in this case. Accordingly, Petitioner's § 2241 application should be granted based on the procedural due process claim.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is denied as moot in light of the recommendation to grant the habeas petition.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.
2. Respondent be ordered to immediately release Petitioner NELSON FERNANDO

AVILA SUAREZ (A#235-549-082), from custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE